## Steck, Appellant, *v.* Bridgeport Water Company.

*Corporations—Suit for money loaned—Assessment—Statute of limitations.*

In an action against a corporation to recover money alleged to be loaned to the company, it appeared that the plaintiff was an officer of the corporation, and that he paid to the company $2.00 per share on his stock, which stock was full paid and nonassessable. The payment was made under a resolution of the directors providing for such assessment per share, but resolving " that the foregoing assessment shall be treated as an assessment loan, and that the several assessments so paid by the respective stockholders shall be so considered and held in good faith until all the stockholders shall have met and paid their respective assessments, made as hereinbefore mentioned, and shall then become absolute under this resolution." Some of the stockholders did not pay the assessment. Plaintiff subsequently sold and assigned his stock, and some years afterward brought suit to recover the amount of the loan or assessment which he had paid. The evidence showed that the company interpreted its resolution so as to require it to refund the money to the actual owner of the stock at the time when the company would be legally called upon to refund. There was also evidence that the plaintiff had sold his stock by representations which indicated that he treated the loan as running with the stock. The company in fact paid the loan to plaintiff's assignee. The evidence varied as to the date at which it could be fairly determined that the loan should be repaid, if the condition of subscription failed. The court charged that the company had a reasonable time to collect the assessment from all the stockholders ; that no action accrued to plaintiff until such reasonable time expired. *Held,* that the case was for the jury, and that a verdict and judgment should be sustained.

Argued Dec. 9, 1903. Appeal, No. 199, Oct. T., 1903, by plaintiff, from judgment of C. P. Montgomery Co., Dec. T., 1899, No. 32, on verdict for defendant in case of Henry Steck v. Bridgeport Water Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for money loaned. Before SWARTZ, P. J.

The facts are stated in the opinion of the Superior Court.

Plaintiff presented the following points :

1. If the jury find that the plaintiff loaned the sum sued for to the defendant with an agreement that the same should

be returned to him in case all the shareholders did not subscribe and pay to the company a like amount upon their holdings and that all the shareholders did not subscribe to and pay such amounts, then the plaintiff is entitled to recover herein for the amount loaned by him and interest.   *Answer :* This is true unless you find there was an understanding or arrangement between the plaintiff and defendant company as to this assessment loan, that it should run with the ownership of plaintiff's stock ; that is, that the owner of this stock at the time of the repayment of the loan should receive the money.   Even if there was no such contract between the plaintiff and the defendant that the loan should run with the stock, still, if the plaintiff sold his stock and also his right to the loan, he cannot recover in this case.

2. The payment to the defendant of the money sued for by plaintiff was a loan made by him to it and if you find as a fact that he did make such payment he is entitled to recover the amount with interest.   *Answer :* This is true with the explanation just given, that is, it is not true that the plaintiff is entitled to recover if you find there was an understanding or arrangement between the plaintiff and the defendant company as to this assessment loan, that it should run with the ownership of plaintiff's stock, that is, that the owner of the stock at the time of the repayment of the loan should receive the money ; and again, even if there was no such contract between the plaintiff and the defendant that the loan should run with the stock, still, if the plaintiff sold his stock and also his right to the loan, he cannot recover in this case.

3½. The payment by the stockholder to the company of the moneys mentioned in the resolution of September 6, 1892, known as an "assessment loan" was a payment to it as trustee to be held by it in good faith until all the subscribers had subscribed to and paid the loan or until it became apparent that all the stockholders would not subscribe and pay the same ; that it did not become so apparent until on January 11, 1897 ; that all the stockholders would not subscribe to and pay their proportionate share of said loan, and it was therefore the duty of the company to refund to those who had paid upon the loan and upon a failure so to do, such a party so paying had a right to recover the same.   *Answer :* It is true that the company was to hold the

assessment loan until all the stockholders should pay their assessments, but I cannot say that it did not become apparent before January 11, 1897, that all the stockholders would not pay the assessments. That is a matter for you. It was the duty of the company to refund the money after the company had a reasonable time to collect the assessments from all the stock holders. Whether the money paid in by the plaintiff became payable to him or to his assigns of the stock, is a matter that you are determine under all the evidence before you.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (11–13) above instructions, quoting them.

*DeForrest Ballou*, with him *Henry M. Brownback*, for appellant.

*Montgomery Evans*, with him *Edward F. Kane, John M. Dettra* and *James B. Holland*, for appellee.

OPINION BY MORRISON, J., January 21, 1904:

The plaintiff brought an action in assumpsit to recover from the defendant money which he alleged he had loaned to it at and prior to 1892. The case was tried before the court and a jury, and the result was a verdict and judgment against the plaintiff and this appeal is from said judgment.

The plaintiff based his claim upon the following resolution: "That the foregoing assessment shall be treated as an assessment loan, and that the several assessments so paid by the respective stockholders shall be so considered and held in good faith until all the stockholders shall have met and paid the respective assessments made as heretofore mentioned, and shall then become absolute." The so-called assessment loan referred to in this resolution was the sum of $2.00 per share on the stock made for the purpose of raising money to pay the indebtedness of the defendant company. It seems to be conceded that the stock of this company was full paid and nonassessable, and therefore what was called an assessment loan would seem to have been a loan of $2.00 per share by each stockholder upon the number of shares he owned, and which was to be repaid to

him in the event of all the stockholders not paying the same amount.   Some of the stockholders did not pay the so-called assessment of $2.00 per share on their stock.   The court below in answer to the plaintiff's first point as well as in the general charge said to the jury that this resolution gave the plaintiff a right to recover; that the failure to pay the assessments on the part of the holders of 169 shares made the plaintiff a creditor of the corporation to the extent of the money paid in by him.   We think this was a correct interpretation of the resolution, but there was other testimony before the jury.   The court submitted the declarations of the parties, their actions and conduct and the evidence of other witnesses to the jury to enable it to find the true contract.   The resolution is silent as to the repayment of the " assessment loan," whether the money should be paid to the persons who answered the assessment call or to the persons who might own the stock upon which the assessment was levied at the time when the repayment was to be made.   It is quite clear that the money advanced by the plaintiff was either a loan or an assessment.   It cannot be treated as an assessment loan.   In the light of the evidence we construe the contract to have been that if all the stockholders paid the sum of $2.00 per share upon their stock then it would be treated as an assessment.   But in the event of any stockholder or stockholders neglecting or refusing to pay then the money advanced by the plaintiff was a loan which the company was obligated to repay to him or such other person as might be entitled thereto.   We find nothing in the language used in the resolution necessarily indicating that the plaintiff would be entitled to recover this money if he parted with his stock before he was entitled to bring suit for the loan, unless he reserved his right to so recover.   Whether or not the company was obligated to repay this money to the plaintiff, or the assignee of his stock, depends upon the facts proved at the trial.   It clearly appears that the plaintiff was an officer of the company and was very familiar with the resolution and the transaction connected with the borrowing of this money.   The company interpreted its own resolution to require it to refund this so-called assessment loan to the owner of the stock at the time when the company could be legally called upon to refund. The plaintiff testified that the loan was a sort of a preferred

claim that this stock had against the earnings of the company in the future. And that it was an assessment, a loan made by the stock as set forth in the books. Again he said the stock must have increased in value after the assessment was paid. The payment of the assessment increased the value of the stock because it liquidated certain indebtedness of the company. We think, under the evidence, it appears that the plaintiff's sale of his stock was induced by the representations which indicated that he treated the loan as running with the stock. It appears that the stock was sold by the plaintiff as stock that had paid the assessments. These admissions by the plaintiff and declarations to the persons who bought his stock seem to indicate his understanding of the resolution of September 6, 1892, as it was interpreted by the company itself. It is clear that the company so interpreted the resolution because it paid the very money for which the plaintiff brought this suit to the person to whom he sold his stock, and this was done long before the plaintiff made any demand for the money which he had loaned to the company. It does not appear that he made demand before October 26, 1899. The alleged loans were made as early as 1892. Under all the evidence the jury may have found that the plaintiff's claim in this suit was an afterthought ; that for over six years he had considered that the persons to whom he sold his stock were entitled to this money.

At the trial the defense was set up that the plaintiff's claim was barred by the statute of limitations. The court declined to so hold and instructed the jury to find when the loan became due, and whether or not it was payable to the plaintiff. The jury was further instructed that if they found that the loan was payable to the plaintiff a reasonable time should be allowed to the company for the collection of the assessment loan as it was called from all of the stockholders. And that the statute of limitations would not begin to run until the expiration of such reasonable time to be fixed by the jury under all of the evidence. The court held that it would be unreasonable to say that the company was bound to refund the money as soon as it was received and thus hold that the statute of limitations began to run as soon as the money was received by the defendant.

The evidence shows that on November 19, 1892, another

resolution was passed under which the delinquent stockholders were given until December 1, 1892, to pay their assessments.

It appears that no subsequent efforts were made to collect the assessments and the court held that it might be that December 1, 1892, is the date when the money in the hands of the company became a loan.   If the jury so found then the statute of limitations would be a defense because suit was not brought until October 26, 1899, nearly seven years after that date. The court, however, allowed the jury to find that the money was not due before October 26, 1893.   And if the jury so found then the suit was brought in time and the statute of limitations would not prevent a recovery.   It seems to us that this instruction was as favorable to the plaintiff as the facts warranted.

The learned counsel for the plaintiff argues that the money was in the hands of the defendant in trust until it should be repaid to the plaintiff.   That is to say that the company had no right to the money because it was paid in upon the condition that all stockholders should pay the assessment, and that this condition was never fulfilled.   The court below held that if all the money was paid in the payment of the plaintiff was an assessment, if not, then it was a loan.   That the evidence of the plaintiff at the trial was given to recover a loan, not to regain a trust fund improperly withheld or misapplied. The money was paid to the company to be used in paying off its pressing debts and was so applied.   It seems that both parties at the trial considered that the money was a loan and the principal question of dispute was whether it was a loan running with the stock.   Although the resolution declares that the money paid in shall be treated as an assessment loan, and shall be held as such in good faith, the court instructed the jury that the company had a reasonable time to collect assessments from all the stockholders, and that no action accrued to the plaintiff until such reasonable time expired.   In this instruction there is no error.   Where the time for doing an act, necessarily precedent to bringing suit is indefinite, the law allows only a reasonable time, but when the reasonable time has elapsed the duty of diligence begins: Smith v. Exchange Bank, 110 Pa. 508.

There does not seem to be any question about the right of

the plaintiff, or the assignees of his stock, to recover from the defendant company the money claimed in this suit unless the right of action was barred by the statute of limitations. But the question of which of these parties were entitled to the money was in dispute. If the loan ran with the stock and the owners of the stock became entitled to it, then the verdict and judgment are correct. This question we think was fairly submitted to the jury and it was probably found against the plaintiff. The verdict must have been on this ground or on the ground of the statute of limitations. It seems to us that the verdict could justly have been against the plaintiff on the ground that his right of action was barred by the statute of limitations. Then again there was sufficient evidence from which the jury was justified in finding, if they did so find, that the purchasers of the stock were entitled to this money, and that the company had fully discharged its obligation by paying it to them. We hold that the question whether or not the plaintiff could recover was in any event for the jury. And that it was submitted under a charge as favorable to the plaintiff as he was entitled to ask and the jury having found the facts against him, he has no just ground of complaint. We do not consider it necessary to consider the assignments of error separately. They have been examined and do not convince us of any reversible error.

The assignments of error are all dismissed and the judgment is affirmed.